

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| DENISE L. WATSON<br>PLAINTIFF, | CASE #: 3:10-CV-527 |
| v. | |
| TAKHAR COLLECTION<br>SERVICES, LTD.<br>DEFENDANT. | JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW** the Plaintiff, by counsel, and for her Complaint against the Defendant, respectfully says as follows:

### PRELIMINARY STATEMENT

This is an action for actual and statutory damages brought by Plaintiff Denise L. Watson, an individual consumer, against Defendant, Takhar Collection Services, LTD. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION, VENUE, and JURY DEMAND

1. This court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is properly laid in this jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1391(b) and (c).

4. The actions complained of occurred primarily (if not exclusively) in the Eastern District of Virginia, the Defendant transacts business here, and should expect to be hailed into this court.

5. **TRIAL BY JURY IS HEREBY DEMANDED FOR ALL MATTERS SO TRIABLE.** See Fed. R. Civ. P. 38 and U.S. Const. amend. VII.

## PARTIES

6. Plaintiff, Denise L. Watson (hereinafter "Plaintiff") is a natural person and resides in Chesterfield, Virginia.

7. Plaintiff falls within the definition of a consumer pursuant to 15 U.S.C. § 1692a(3).

8. Defendant, Takhar Collection Services, LTD. (hereinafter "TCS"), is corporation in Ontario, Canada, engaged in the business of collecting debt in this Commonwealth with its principal place of business located at 537-1623 Military Road, Niagara, New York 14304-1745.

9. TCS is not registered with the Secretary of the Commonwealth. TCS does not have a registered agent and may be served at the following: Takhar Collection Services, LTD., c/o Hardial Takhar, President, 537-1623 Military Road, Niagara, New York 14304-1745.

10. The principal purpose of the defendant is the collection of debts.

11. TCS regularly attempts to collect consumer debts alleged due to another.

12. TCS is engaged in the collection of debts from consumers using the mails and telephone.

13. TCS is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTS

14. Plaintiff incurred a debt with Direct Brands, Inc. DBA Black Expressions Book Club for personal use on or before April 01, 2009, bringing the debt in question within the Fair Debt Collection Practices Act.

15. Upon information and belief, Direct Brands, Inc. (not a party to this case) assigned the debt to TCS.

16. On or about January 06, 2010 at 13:58:00 EST Plaintiff received a phone message from TCS.

17. The following transcription reveals the contents of the phone message:

> Takhar Group calling on an important matter. We require an immediate return call to 1-866-408-8299. Failure to return this call may result in a decision on a file without your input. Once again, we require a return call from you between the hours of 9 a.m. and 7 p.m. eastern standard time, or you may look at our website at www.takhargroup.com spelt t a k h a r g r o u p. For details of why we are contacting you, our number once again is 1-866-408-8299.

18. On or about January 10, 2010 at 11:04 EST Plaintiff received a second telephone message from an agent of TCS.

19. The following transcription reveals the contents of the phone message:

> This message is for Denise Watson, my name is Shawna Young I'm calling from the Takhar Group regarding an urgent business matter that requires your immediate attention. Callback today is strongly advised at 1-866-408-8299, extension <garbled>.

20. The purpose of both the telephone calls was to collect a debt.

## COUNT ONE:

### Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692

21. Plaintiff restates and re-alleges all previous paragraphs herein.

22. Defendant has violated the FDCPA 15 U.S.C. § 1692 *et seq.* in the following manner:

   a. Defendant has violated the FDCPA 15 U.S.C. § 1692e, in that it used false, deceptive, and misleading representations in connection with the debt collection.

   b. Defendant has violated the FDCPA 15 U.S.C. § 1692e(10), in that it used a false representation in the collection of a consumer debt or obtained information concerning a consumer, in the collection of a consumer debt or similar language.

   c. Defendant has violated the FDCPA 15 U.S.C. § 1692e(11), in that it failed to include the notice that "This is an attempt to collect a debt . . . this communication is from a debt collector."

23. Plaintiff is entitled to actual damages, statutory damages, attorney fees, and costs pursuant to 15 U.S.C. § 1692k(a).

**WHEREFORE**, the Plaintiff by Counsel, respectfully requests this court to enter judgment on her behalf for violations of the Fair Debt Collection Practices Act, for statutory damages, attorney fees, and costs.

DENISE L. WATSON

/s/ Jason M. Krumbein, Esq.

by: Jason M. Krumbein, Esq. VSBN 43538
jkrumbein@krumbeinlaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Plaintiff
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 phone    804.673.4350 fax