UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**DENISE WATSON**                                      CASE #3:10-CV-527-REP
        **Plaintiff,**

v.

**TAKHAR COLLECTION SERVICES, LTD**
        **Defendants**

## MOTION and MEMO FOR STATUTORY DAMAGES, ATTORNEY FEES AND COSTS

Comes now your plaintiff, by counsel, moves this Court for fees and costs pursuant to the Fair Debt Collection Practice Act, and this court's order of January 24, 2011, and says as follows:

### I. INTRODUCTON

Plaintiff Denise Watson, by counsel, moves for an award of statutory damages, attorney's fees, costs, and expenses, as ordered by this court's order of January 24, 2011. Plaintiffs' rights under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, to be free from deception and harassment in connection with the collection of consumer debts, were violated by defendants Takhar Collections Services, LTD. On January 24, 2011, the Court ordered counsel for the plaintiff to file a memorandum in support of damages, attorney fees and costs.

### II. PROCEDURAL HISTORY AND STATEMENT OF FACTS

On July 38, 2010, Plaintiff filed her Complaint in this action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.*, by defendant Takhar Collections Services, LTD.  Service was effected by service on the Secretary of The Commonwealth of

Jason M. Krumbein, Esquire VSB# 43538
Krumbein Consumer Legal Services
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204 office; 804.303.0209 fax
krumbeinlaw@gmail.com email                                                                 Page 1 of 14

Virginia, pursuant to State Law on September 30, 2010. The defendant sent a letter to counsel for the plaintiff alleging that there was no violation, but making no offer of proof on October 4, 2010. No Answer or other pleading was filed by the defendant. The clerk entered Clerk's Entry of Default on October 28, 2010, and a Motion for Default Judgment was filed. This court ordered counsel for the plaintiff to issue a brief on the issue of the an award of damages, attorney fees and costs.

### III. ARGUMENT

#### A. STANDARD FOR AWARDING STATUTORY AND ACTUAL DAMAGES

The Fair Debt Collection Practices Act (FDCPA) is a strict liability statute that awards actual damages, statutory damages, attorney fees and costs to a prevailing plaintiff. 15 USC §1692k[a]. *Bentley v. Great Lakes Collection Bureau, Inc.*, 6 F.3d 60 (2d Cir. 1993); *Russell v. Equifax*, 74 F.3d 30 (2d Cir. 1996)  Plaintiff here requests no actual damages (as defined by §1692k[a][1]), only statutory damages, attorney fees and costs.

Statutory damages are calculated by reviewing subsection ¶1692k[b][1], which allows for statutory damages in individual action, and says that the court should consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional"

Where, as here, the violation caused no actual damages, but violated the FDCPA, the court should award statutory damages, attorney fees and costs.

i.     Frequency and persistence of the non-compliance.

In this case, because the case is taken on default, no discovery was had, so only those records that are records of the plaintiff and public records may be obtained and used.

Jason M. Krumbein, Esquire VSB# 43538
Krumbein Consumer Legal Services
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204 office; 804.303.0209 fax
krumbeinlaw@gmail.com email

The complaint states that plaintiff's first communication from defendant was a voice message.  Complaint at ¶16-17.  The message that defendant left on plaintiff's voice mail identified who they were, but failed to identify that they are debt collectors.  Complaint at ¶17.  Later, that same week, plaintiff received another voice mail message.  ¶Complaint at 18-19.  In the second message, it became even clearer that defendant knew who they were contacting, and that they were collecting a debt—an "urgent business matter".

Because the message was left on 2 different occasions, by 2 different collectors, the court can infer that the violation is common, and done with a high frequency, but this does not end the inquiry into frequency and persistence.  Between January 1, 2008 and January 30, 2011, defendant has been sued 20 times in Federal courts[1].  Many of these cases allege similar violations.  Also, the rate of complaints against this defendant appears to be increasing.  Clearly, the defendant is violating the statute frequently and with some persistence.

    ii.    Nature of the non-compliance

The violation is one in which the defendant leaves a voice mail that almost complies with the statute, by identifying the caller and the calling company, but fails to identify that they are a debt collector. This is not in the nature of abuse or misleading, but it is a violation that courts have held is a violation, repeatedly, and recently.  Eg: *Foti v. NCO Financial Systems, Inc.*, 424 E Supp. 2d 643 (SDNY 2006); *Edwards v. Niagara Credit Solutions, Inc.*, 584 F. 3d 1350 (11th Cir., 2009).  This is one which they should know is a violation.

    iii.    Extent to which the noncompliance was intentional.

---

[1] E.D. NY 1:08-cv-408; E.D. MI 5:09-cv-11577; N.D. IL 1:09-cv-2958; E.D. MO 4:09-cv-791; D. CO 1:09-cv-1656; S.D. FL 0:09-cv-61175; E.D. CA 1:09-cv-1877; S.D. OH 2:09-cv-948; E.D. NY 2:09-cv-4600; S.D. CA 3:10-cv-223; N.D. IL 1:10-cv-852; D. MA 1:10-cv-10658; E.D WA 2:10-cv-136; W.D. KY 3:10-cv-477; E.D. VA 3:10-

Jason M. Krumbein, Esquire VSB# 43538
Krumbein Consumer Legal Services
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204 office; 804.303.0209 fax
krumbeinlaw@gmail.com email    Page 3 of 14

Because this case is proceeding on default judgment, no discovery into the intent is available. Intent is a state of mind, and would require some discovery into the mental state of the defendant.

### B. STANDARD FOR AWARDING ATTORNEY'S FEES

The FDCPA authorizes the payment of attorney's fees to a successful consumer:

**15 U.S.C. § 1692k.**

**Amount of damages**

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--
…
(3)   in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

The award of attorney's fees is mandatory. Carroll v. Walpoff & Abramson, 53 F.3d 626, 628 (4th. Cir. 1995) ("…the fee award under § 1692k is mandatory in all but the most unusual circumstances…") The Act is primarily self enforcing, through private causes of action. West v. Costen, 558 F.Supp. 564, 569 (W.D.Va. 1983). Congress included the award of attorney's fees in consumer statutes to encourage private enforcement of these statutes. Other appellate courts have stated: "The statutory language makes the award of fees mandatory." Tolentino v. Friedman, 46 F.3d 645, 651 (7th Cir.1995). "Because the FDCPA was violated . . . the statute requires the award of costs and a reasonable attorney's fee . . ." Pipiles v. Collection Bureau of Lockport, Inc., 886 F.2d 22, 28(2d Cir. 1989). See also, Emanuel v. American Credit Exchange, 870 F.2d 805, 809 (2d Cir. 1989), Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991) ("Given the structure

---

cv-527 (this case); N.D CA 1:10-cv-2827; W.D. MO 5:10-cv-6118; C.D. CA 2:10-cv-8162; S.D. FL 0:10-cv-62120; N.D. IL 1:10-cv-7182; N.D. GA 1:11-cv-2

Jason M. Krumbein, Esquire VSB# 43538
Krumbein Consumer Legal Services
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204 office; 804.303.0209 fax
krumbeinlaw@gmail.com email                                                                 Page 4 of 14

of the section, attorney's fees should not be construed as a special or discretionary remedy; rather the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general.")

## C. ATTORNEY'S FEES ARE TO BE CALCULATED PURSUANT TO THE <u>LODESTAR FORMULA</u>

The U.S. Supreme Court has explained the calculation for an award of attorney's fees:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.

<u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433; 103 S. Ct. 1933, 1939; 76 L. Ed. 2d 40 (1983); <u>People Who Care v. Rockford Board of Education, School Dist. No. 205</u>, 90 F.3d 1307, 1310 (7th Cir. 1996). Although this decision, and others cited hereinafter, arise in the context of the Civil Rights Attorney's Fees Award Act, 42 U.S.C. §1988, these criteria are equally applicable here. "The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" <u>Hensley.</u>, at 103 S. Ct. at 1939, n.7. "We have stated in the past that fee-shifting statutes' similar language is 'a strong indication' that they are to be interpreted alike." <u>Independent Federation of Flight Attendants v. Zipes</u>, 491 U.S. 754; 109 S. Ct. 2732, 2735 n.2.; 105 L. Ed. 2d 639, 647 n.2 (1989) (quoting <u>Northcross v. Memphis Bd. of Education</u>, 412 U.S. 427, 428; 93 S. Ct. 2201, 2202; 37 L. Ed. 2d 48 (1973)). The multiplication of the reasonable number of hours expended times the reasonable hourly rate is referred to as the "lodestar." <u>Student Public Interest Research Group v. AT&T Bell Laboratories</u>, 842 F.2d 1436, 1441 (3d Cir. 1988).

In <u>Carroll,</u> 53 F.3d 626, the Fourth Circuit affirmed the district court's departure from the

Jason M. Krumbein, Esquire VSB# 43538
Krumbein Consumer Legal Services
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204 office; 804.303.0209 fax
krumbeinlaw@gmail.com email                                                    Page 5 of 14

lodestar formula in reducing the fee award in a case in which the FDCPA plaintiff was awarded only $50.00 in statutory damages for establishing at most a technical violation of the Act. However, the court noted that various provisions of the FDCPA, which were not implicated in that case, aim at truly abusive and deceitful debt collection practices, and that proof of those sorts of violations may establish a foundation for larger attorney's fee awards. Id. at 630.

In the case sub judice, the defendant has defaulted, admitting that it violated the Act in several significant respects. The facts claimed, and admitted by default, include that the defendant communicated by leaving voice mail messages without leaving the necessary disclosures, and doing so it violated at least 3 sections of the FDCPA. To find liability, the court need only find one.

Defendant's violations of the Act are of the nature that the Fourth Circuit in Carroll referred to as establishing a foundation for larger attorney's fee awards. Carroll at 630.

The Fourth Circuit, in Barber v. Kimbrell's, Inc., 577 F.2d 216 (1978), cert. denied, 439 U.S. 934 (1978), held that, when determining the amount of attorney's fees to be awarded under the Truth in Lending Act [Title I of the Federal Consumer Credit Protection Act, Congress' plenary regulation of the national consumer credit industry, of which the FDCPA is Title VIII], district courts must consider the twelve factors specified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (1974). Barber at 226. The Johnson factors are:

    (1)  the time and labor required;
    (2)  the novelty and difficulty of the questions;
    (3)  the skill requisite to perform the legal services properly;
    (4) the preclusion of other employment by the attorney due to acceptance of the case;
    (5)  the customary fee in the community;
    (6)  whether the fee is fixed or contingent;
    (7)  time limitations imposed by the client or the circumstances;

Jason M. Krumbein, Esquire VSB# 43538
Krumbein Consumer Legal Services
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204 office; 804.303.0209 fax
krumbeinlaw@gmail.com email    Page 6 of 14

> (8) the amount of time involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case;
> (11) the nature and length of the professional relationship with the client; and
> (12) awards in similar cases.

There is no strict formula as to how these factors are to be applied. Trimpter v. City of Norfolk, Va., 846 F. Supp. 1295, 1303 (E.D. Va. 1994). Once a figure for attorney's fees is calculated using the Johnson factors, that amount becomes the "lodestar" which can then be adjusted upwards or downwards, again using the Johnson factors. Hensley, 461 U.S. at 433-34, 103 S.Ct. at 1939-40. "[M]any of those factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate" 461 U.S. at 434 n.9, 103 S.Ct. at 1940 n.9.

    1. The time and labor required.

Defendant failed to respond to this case at all. The effort to actual file the case, and obtain default were unopposed, however, the defendant made a substantial effort to hide from service of process, which required an effort to be expended in an effort to find the defendants for service of process. Lands ignored the plaintiffs' settlement and service efforts Thus, the fees increased as the case progressed. The defendants resolute non-response remained unwavering even after the clear indication in the Courts Memorandum Opinion permitting service of process through the Secretary of the Commonwealth.

As stated in McGowan v. King, Inc., 661 F.2d 48 (5th Cir. 1981):

> The [consumer's] counsel did not inflate this small case into a large one; its protraction resulted from the stalwart defense. And although defendants are not required to yield an inch or pay a dime not due, they may by militant resistance increase the exertions required of their opponents and thus, if unsuccessful, be required to bear that cost. Id. at 51. (Truth in Lending Act case.)

See also Lipsett v. Blanco, 975 F.2d 934, 941 (1st Cir. 1992):

Jason M. Krumbein, Esquire VSB# 43538
Krumbein Consumer Legal Services
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204 office; 804.303.0209 fax
krumbeinlaw@gmail.com email    Page 7 of 14

> In the ordinary course of events, one would not expect a fee award to outpace a substantial award of money damages [$525,000]. In this instance, the discrepancy is explained largely by what we have referred to as the "Stalingrad defense." While this hard-nosed approach to litigation may be viewed as effective trench warfare, it must be pointed out that such tactics have a significant downside. The defendants suffer the adverse effects of that downside here. There is a corollary to the duty to defend to the utmost -- the duty to take care to resolve litigation on terms that are, overall, the most favorable to a lawyer's client. Although tension exists between the two duties, they apply concurrently. When attorneys blindly pursue the former, their chosen course of action may sometimes prove to be at the expense of the latter.

Plaintiffs submit that the time expended in the prosecution of this action is warranted given the tenacious refusal to defend put forth by the defendant. The time expended was modest under the circumstances due to counsel's experience in consumer protection litigation.

Plaintiffs' counsel has a small law firm and does the bulk of his work on his own. As stated in Bailey v. District of Columbia, 389 F. Supp. 888, 891 (D.D.C. 1993),

> …attorneys, like plaintiff's counsel, operating either as solo practitioners or in small firms, often lack the resources to retain a large staff of junior lawyers who could handle (certain more clerically related) tasks more economically. Denying plaintiffs compensation for these tasks would unfairly punish plaintiffs and their counsel for not staffing this case as if they had the manpower of a major law firm.

2. The novelty and difficulty of the questions.

In its matters present to the court, there were no particularly novel matters of law. The facts presented were novel to this court because of the amazing nature of the abuse heaped upon the plaintiffs, however the US Supreme Court has discussed that the Fair Debt Collection Practices Act is a "complex" federal statute (J. Kennedy dissenting in *Jerman v. Carlisle*, et al at **6 and **11 ("The FDCPA is a complex statute" ) of the dissent).

3. The skill requisite to perform the legal services properly.

Plaintiffs' counsel knows of very few attorneys who purport to be able to litigate plaintiffs' Consumer Credit Protection Act cases. Most attorneys do not recognize the legal

Jason M. Krumbein, Esquire VSB# 43538
Krumbein Consumer Legal Services
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204 office; 804.303.0209 fax
krumbeinlaw@gmail.com email                                                    Page 8 of 14

issues involved in such cases, and requests for representation are generally turned away by members of the Bar. Counsel knows of few other lawyers in Virginia who take these matters, including Mr. Dale Pittman, Mr. Leonard Bennett, with associates Robin Abbott, Gary Abbott, and Mathew Erausquin, and Mr. John Gayle. Judge Spencer recently found that counsel for the plaintiff is competent and awarded fees at the rate of $350.00 per hour. *Coles v. Lands Towing and Recovery, Inc.*, 3:10-cv-25-JRS (Opinion 12/22/10, docket #22)

4. The preclusion of other employment.

The time spent on this case was not, and could not be, spent at the same time on other cases.

5. The customary fee for like work in the community.

Plaintiffs' fee request is well within the range of similar work before this Court. This Johnson factor is addressed in greater detail under factor number 12, *infra*, Awards in Similar Cases.

6. Whether the fee is fixed or contingent.

In a Consumer Credit Protection Act case, the fee is always contingent -- not on the amount of damages, but on award by the court or agreement of the opponent. In a private attorney general case, Congress encourages counsel to bring suit, recognizing that counsel cannot charge the client an hourly fee, because the fee may be out of proportion to the recovery. Johnson, 488 F.Supp. at 718, ruled that the fixed/contingent nature of the fee was important because, "In no event, however, should the litigant be awarded a fee greater than he is contractually bound to pay, if indeed the attorneys have contracted as to an amount." This portion of the ruling was expressly rejected by the Supreme Court in Blanchard v. Bergeron, 489

Jason M. Krumbein, Esquire VSB# 43538
Krumbein Consumer Legal Services
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204 office; 804.303.0209 fax
krumbeinlaw@gmail.com email                               Page 9 of 14

U.S. 87, 93, 109 S.Ct. 939, 944, 103 L.Ed.2d 67 (1989): "But as we see it, a contingent-fee contract does not impose an automatic ceiling on an award of attorney's fees and to hold otherwise would be inconsistent with the statute and its policy and purpose." Conversely, the Court ruled that the fee award does not impose a cap on a contingent fee agreement; the attorney can get more from his client (not from the opponent) if his agreement so provides. Venegas v. Mitchell, 495 U.S. 82, 110 S.Ct. 1679, 109 L.Ed.2d 74 (1990). Nor does the contingency factor provide a basis for an upward adjustment of the fee request. City of Burlington v. Dague, 505 U.S. 557, 112 S. Ct. 2638, 120 L.Ed.2d 449 (1992). Thus the current cases hold that the fixed or contingent nature of the fee agreement neither reduces nor enhances the fee award. If contingent, the fee award should compensate counsel for the risk of receiving no compensation, Blum v. Stenson, 465 U.S. 886, 903, 104 S.Ct. 1541, 1551, 79 L.Ed.2d 891 (1984). "Lawyers operating in the marketplace can be expected to charge a higher hourly rate when their compensation is contingent on success than when they will be promptly paid, win or lose."

7. Time limitations imposed by the client or the circumstances.

None existed except reasonableness. Plaintiffs' counsel conducted this case well within the time limitations imposed by the "rocket docket."

8. The amount involved and the results obtained.

"[C]ourts generally will not look to the size of the damage award in determining a reasonable attorney's fee in consumer cases." Smith v. Chapman, 436 F. Supp. 58, 66 (W.D. Tex. 1977). The plaintiff's attorney's practice is limited primarily to consumer law, and he had been actively engaged in consumer law for several years as an attorney representing consumers and as a speaker at consumer law seminars. An attorney's fee award should not be reduced based on the

Jason M. Krumbein, Esquire VSB# 43538
Krumbein Consumer Legal Services
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204 office; 804.303.0209 fax
krumbeinlaw@gmail.com email                                                      Page 10 of 14

amount of damages recovered. City of Riverside v. Rivera, 477 U.S. 561 574, 578, 106 S.Ct 2686, 2696, 91 L.Ed.2d 466 (1986). Consumer Credit Protection Act cases generally support this proposition.

9. The experience, reputation and ability of the attorney.

Plaintiffs' counsel has a statewide reputation in the consumer protection field.

10. The undesirability of the case.

There are few consumer law practitioners in Virginia, and a small number nationwide. Few if any other lawyers are willing to take cases under the Fair Debt Collection Practices Act, and virtually none litigate cases that arise from violations of the Bankruptcy Code.

11. The nature and length of the professional relationship with the client.

Plaintiffs' counsel was retained particularly for pursuit of this claim in federal court on specialized consumer protection law issues. His employment was sought because of his legal abilities and reputation in this area of the law.

This Johnson factor is in some respects inapplicable or neutral to an attorney whose representation is limited to consumer protection claims, which are transactional, and not ongoing, matters.

12. Awards in similar cases.

There appear to have been few similar cases filed in the Richmond Division of the Eastern District of Virginia.

A total of 14.2 hours have been expended in representation of Plaintiffs in this case as to defendant. Declaration of Jason M. Krumbein ¶13-14 Plaintiffs seek compensation for 9.2 hours expended by Mr. Krumbein, at the rate of $350.00 per hour, 0.5 hours for Joelle E. Gotwals at

Jason M. Krumbein, Esquire VSB# 43538
Krumbein Consumer Legal Services
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204 office; 804.303.0209 fax
krumbeinlaw@gmail.com email                                Page 11 of 14

the rate of $275.00, and for 5.0 hours expended by Melissa Krumbein, paralegal for Mr. Krumbein's office, at the rate of $105.00 per hour, for a total attorney's fee request of $3,882.50. The hourly rate of $350.00 is the amount billed by Plaintiffs' attorney, and is appropriate for an attorney of his experience. Plaintiff's attorneys fee request is within the prevailing market range in this type of representation. Blum v. Stenson, 465 U.S. 886, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). "Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." Tolentino v. Friedman, 46 F.3d 645, 653 (7th Cir. 1995).

Thus, the lodestar calculation for the award of attorney's fees to the plaintiffs in this matter totals $3,220.00, 9.20 hours multiplied by $350.00 per hour, for Mr. Krumbein's time, $137.50, 0.50 hours multiplied by $275.00 per hour for Ms. Gotwals, and $525.00, 5.00 hours multiplied by $105.00 for paralegal's time.

Further, Judge Spencer of this court has recently ruled in *Coles v. Lands Towing, Inc, et al,* that a fee of $350.00 per hour is reasonable for plaintiffs counsel, based on the factors enumerated in *Johnson*.

Plaintiffs request reimbursement for $381.81 in costs and expenses, "[C]osts other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs". Rule 54(d)(1) of the Federal Rules of Civil Procedure. Litigation expenses such as service of process and copying and postage are properly taxable and recoverable as costs. Wheeler v. Durham City Bd. of Ed., 585 F.2d 618 (4th Cir. 1978), Herold v. Hajoca Corp., 864 F.2d 317 (4th Cir. 1988).

Jason M. Krumbein, Esquire VSB# 43538
Krumbein Consumer Legal Services
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204 office; 804.303.0209 fax
krumbeinlaw@gmail.com email                                      Page 12 of 14

Adding the attorney's fee request of $3,882.50 and the costs request of $381.81 produces a total request of $4,264.31.

## IV. CONCLUSION

Attorney's fees should be awarded to Plaintiffs' counsel in the amount of $3,882.50 for work performed through the filing of this Motion and Memorandum. Plaintiffs should also be reimbursed their expenses for the filing fee and other costs, which total $381.81.

DENISE A. WATSON

  /s/Jason M. Krumbein, Esq.
Jason M. Krumbein, Esq. VSB#43538
Counsel for the plaintiff
Krumbein Consumer Legal Services
5310 Markel Rd, Suite 102
Richmond, VA 23230
804.303.0204
804.303.0209 (fax)
KrumbeinLaw@gmail.com (e-mail)

Jason M. Krumbein, Esquire VSB# 43538
Krumbein Consumer Legal Services
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204 office; 804.303.0209 fax
krumbeinlaw@gmail.com email                    Page 13 of 14

## CERTIFICATE OF SERVICE

I hereby certify that on this 04th day of February, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    NONE

And I hereby certify that I will mail the document by U.S. mail to the following non-filing user:

| | |
|---|---|
| Takhar Collection Services, LTD | Takhar Group of Companies |
| Hardial Takhar, President | Blair Wettlaufer, Manager |
| 537-1623 Military Rd. | 202 Beverly St. |
| Niagara, NY 14304-1745 | Cambridge, Ontario, N1R 3Z8 |

    /s/Jason M. Krumbein, Esq.
Jason M. Krumbein, Esq. VSB#43538
Counsel for the plaintiff
Krumbein Consumer Legal Services
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204
804.303.0209 (fax)
KrumbeinLaw@gmail.com (e-mail)

Jason M. Krumbein, Esquire VSB# 43538
Krumbein Consumer Legal Services
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204 office; 804.303.0209 fax
krumbeinlaw@gmail.com email                                    Page 14 of 14